IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br><br>        Plaintiff,<br><br>v.<br><br>ROSES SOUTHWEST PAPERS, INC.; and ROSES SOUTHEAST PAPERS LLC,<br><br>        Defendants. | Civil Action No. |

## COMPLAINT

For its Complaint, Plaintiff Georgia-Pacific Consumer Products LP states

the following against Roses Southwest Papers, Inc. and Roses Southeast Papers

LLC ("Defendant").

## NATURE OF THE ACTION

1.      Plaintiff Georgia-Pacific Consumer Products LP ("Georgia-Pacific")

is one of the world's leading producers and distributors of consumer products in

both the retail and commercial or away-from-home settings like restaurants,

schools, hospitals, office buildings and hotels.  Since at least as early as 1976,

Georgia-Pacific and its predecessors-in-interest have sold paper products in away-

from-home settings under the well-known SIGNATURE® trademark, and

Georgia-Pacific owns an incontestable federal trademark registration for the

SIGNATURE® mark.  A photograph of SIGNATURE® paper towels is depicted

below:



2.      Defendants are direct competitors of Georgia-Pacific in the sale of

away-from-home products.  With full knowledge of Georgia-Pacific's trademark

rights after Georgia-Pacific nearly thirty-seven (37) years of use, Defendants

launched an entire line of identical and related paper products under the identical

mark, SIGNATURE, as depicted below:



3.     Defendants' SIGNATURE mark is identical and confusingly similar to Georgia-Pacific's SIGNATURE® word mark and Defendants' use of their mark is likely to cause confusion and to deceive consumers and the public and will continue to do so absent relief from this Court.

4.     This is an action at law and in equity for trademark infringement, and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), for deceptive trade practices under the laws of several states, including Georgia, O.C.G.A. § 10-1-370 *et. seq.*, and for trademark infringement and unfair competition under the common law of several states, including Georgia.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over Georgia-Pacific's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

6.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact business in this State, have committed tortious acts in this State, have committed a tortious act outside the State causing injury in the State and have derived substantial revenue or engage in a persistent course of conduct in the State and the claims alleged arise out of such acts, and/or

have otherwise established contacts within this State making the exercise of personal jurisdiction proper.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Georgia-Pacific's claims have occurred and, unless enjoined, will continue to occur within this District.

## PARTIES

8.    Georgia-Pacific Consumer Products LP is a Delaware limited partnership with a principal place of business at 133 Peachtree Street, Atlanta, Georgia 30303.

9.    Defendant Roses Southwest Papers, Inc. is a New Mexico company with its principal place of business located at 1701 Second Street SW, Albuquerque, New Mexico 87102.

10.    Defendant Roses Southeast Papers LLC is a Florida limited liability company with its principal place of business located at 3401 St. Johns Parkway, Sanford, FL 32771.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    Georgia-Pacific and Its Trademarks**

11.    Georgia-Pacific is an industry leader that manufacturers, markets, and sells paper towels, napkins, bath tissue, facial tissue, dispensers and related

consumer products in both the retail and commercial ("away-from-home") sectors. One of the well-known and successful commercial products sold by Georgia-Pacific is its line of SIGNATURE®-brand paper towels.

12.     At least as early as 1976, Georgia-Pacific began producing and marketing paper towels under the SIGNATURE® mark.  Examples of Georgia-Pacific's products bearing the SIGNATURE® mark are depicted below and in the catalog pages attached as **Exhibit 1**.



13.     Georgia-Pacific is the owner of a federal trademark registration, Reg. No. 1,723,702, issued by the United States Patent and Trademark Office on October 13, 1992, for the SIGNATURE® mark covering "paper towels." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15

U.S.C. §§ 1058 and 1065, and this registration is valid and incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

14.     The SIGNATURE® mark has been used extensively in interstate commerce by Georgia-Pacific and has become a distinctive indicator of the origin and high quality of Georgia-Pacific's away-from-home paper towels.  Because of the arbitrary nature of its SIGNATURE® mark and Georgia-Pacific's widespread use in the commercial industry, the SIGNATURE® mark functions as a strong source identifier.

15.     Over the years, Georgia-Pacific and its predecessors have extensively advertised and promoted its paper towels under the SIGNATURE® mark.  As a result of these efforts, in the last ten years alone, Georgia-Pacific and its predecessors have sold billions of dollars of paper towels under the SIGNATURE® mark.

16.     The SIGNATURE® mark is inherently distinctive.  As a result of Georgia-Pacific longstanding use of the SIGNATURE® mark, extensive sales enjoyed under it, and widespread advertising and promotion, Georgia-Pacific has developed substantial value and goodwill in the SIGNATURE® mark.  The commercial industry recognizes the SIGNATURE® mark as a source identifier for Georgia-Pacific's goods and assumes that the goods sold in connection with the

mark will be of the high quality and reliability for which Georgia-Pacific's goods are known.

**B.     Defendants' Unlawful Acts**

17.     In blatant disregard of Georgia-Pacific's rights, Defendants are manufacturing, distributing, marketing, offering for sale, and selling identical and closely related paper products, including paper towels, to the same customers in the commercial sector bearing the identical word mark SIGNATURE, examples of which are depicted below:




18.     Defendants are direct competitors of Georgia-Pacific in the market for paper products in the commercial or away-from-home sector.

19.     On information and belief, Defendants were familiar with Georgia-Pacific's SIGNATURE® mark when it began manufacturing, distributing, offering for sale, and selling commercial paper products under the SIGNATURE mark.  On

further information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used the confusingly similar imitation of Georgia-Pacific's SIGNATURE® mark.

20.     Defendants' bad faith is evidenced not only by their use of the identical SIGNATURE mark in connection with identical and/or highly related goods, but also by, *inter alia*, use of nearly identical packaging elements as those featured on products offered under Georgia-Pacific's SIGNATURE® mark, including similar cursive script for the word, as depicted below:

**Georgia-Pacific Stylized Mark**          **Defendants' Stylized mark**



21.     The goods marketed, sold and offered for sale by Defendants are not manufactured by Georgia-Pacific, nor are Defendants associated or connected with Georgia-Pacific, or licensed, authorized, sponsored, endorsed, or approved by Georgia-Pacific in any way.

22.     Georgia-Pacific used the SIGNATURE® mark extensively and continuously for nearly thirty-seven (37) years before Defendants began offering paper products for sale bearing the confusingly similar SIGNATURE mark.

8

23.     The goods sold by Defendants are identical to and compete with the goods sold by Georgia-Pacific, and these goods are sold through identical and overlapping channels of trade.

24.     Defendants' SIGNATURE mark is likely to deceive, confuse, and mislead purchases, prospective purchasers, and others into believing that paper products sold by Defendants are manufactured by, authorized by, or in some manner associated with Georgia-Pacific, which they are not.  The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Georgia-Pacific's mark is causing irreparable harm to the goodwill symbolized by the SIGNATURE® mark and the reputation for quality that it embodies.

25.     Defendants' activities are likely to cause confusion among purchasers, prospective purchasers, and others viewing Defendants' paper products because those persons will mistakenly attribute the product to Georgia-Pacific.  This is especially damaging with respect to those persons who perceive a defect or lack of quality in Defendants' paper products.  By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by the SIGNATURE® mark and the reputation that it embodies.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

26.     Georgia-Pacific repeats and incorporates by reference the allegations in the preceding paragraphs.

27.     Defendants' use of the SIGNATURE mark, which is confusingly similar to Georgia-Pacific's federally-registered SIGNATURE® mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Georgia-Pacific, or are associated or connected with Georgia-Pacific, or have the sponsorship, endorsement, or approval of Georgia-Pacific.

28.     Defendants have used a mark confusingly similar to Georgia-Pacific's federally registered mark in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Georgia-Pacific's goodwill and reputation as symbolized by the federally-registered SIGNATURE® mark, for which Georgia-Pacific has no adequate remedy at law.

29.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's federally-registered SIGNATURE® mark to Georgia-Pacific's great and irreparable injury.

30.    Defendants have caused and are likely to continue causing substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
## (Federal Unfair Competition)

31.    Georgia-Pacific repeats and incorporates by reference the allegations in the preceding paragraphs.

32.    Defendants' use of a confusingly similar imitation of Georgia-Pacific's SIGNATURE® mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Georgia-Pacific, or are affiliated, connected, or associated with Georgia-Pacific, or have the sponsorship, endorsement, or approval of Georgia-Pacific.

33.    Defendants have made false representations, false descriptions, and false designations of origin of their goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Georgia-Pacific's goodwill and reputation as

11

symbolized by the SIGNATURE® mark, for which Georgia-Pacific has no adequate remedy at law.

34.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's SIGNATURE® mark to the great and irreparable injury of Georgia-Pacific.

35.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

36.    Georgia-Pacific repeats and incorporates by reference the allegations in the preceding paragraphs.

37.    Defendants have been and are passing off their goods as those of Georgia-Pacific, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Georgia-Pacific, and otherwise damaging the public.  Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or

12

commerce in violation of Georgia's Unlawful Trade Practices Act, O.C.G.A. §§ 10-1-370 to 10-1-375 (2007), and the unfair and deceptive trade practices statutes of other states, including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 2007); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 2007); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2005); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 (2007); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2007); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2007); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2007); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2007); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2007); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 2007); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 2007).

    38.    Defendants' unauthorized use of a confusingly similar imitation of Georgia-Pacific's SIGNATURE® mark has caused and is likely to cause substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF
## (COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION)

39.     Georgia-Pacific repeats and incorporates by reference the allegations in the preceding paragraphs.

40.     Defendants' acts constitute common law trademark infringement and unfair competition under the laws of the several States, and have created and will continue to create a likelihood of confusion to the irreparable injury of Georgia-Pacific unless restrained by this Court, and Georgia-Pacific has no adequate remedy at law for this injury.

41.     On information and belief, Defendants acted with full knowledge of Georgia-Pacific's use of, and statutory and common law rights to, the SIGNATURE® mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

42.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's SIGNATURE® mark to the great and irreparable injury of Georgia-Pacific.

43.     As a result of Defendants' acts, Georgia-Pacific has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Georgia-Pacific is entitled to injunctive relief, an accounting of Defendants'

14

profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of Georgia-Pacific's SIGNATURE® mark, and the need to deter Defendants from similar conduct in the future, Georgia-Pacific additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

Georgia-Pacific therefore prays that:

1.     Defendants and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined permanently, from:

    a.    using the SIGNATURE mark, or any other copy, reproduction, colorable imitation, or simulation of the SIGNATURE mark, on or in connection with Defendants' goods;

    b.    using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, names, or logos of Georgia-Pacific;

    c.     using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Georgia-Pacific, or are sponsored or authorized by Georgia-Pacific, or are in any way connected or related to Georgia-Pacific; and

    d.     passing off, palming off, or assisting in passing off or palming off, Defendants' goods as those of Georgia-Pacific, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

2.    Defendants be ordered to recall all products bearing the SIGNATURE mark or any other confusingly similar mark, which have been shipped by Defendants or under Defendants' authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants.

3.    Defendants be ordered to deliver up for impoundment and for destruction all paper products, bags, boxes, labels, tags, signs, packages,

receptacles, advertising, sample books, promotional material, or other materials in the possession, custody, or under the control of Defendants that are found to adopt or infringe any of Georgia-Pacific's trademarks or that otherwise unfairly compete with Georgia-Pacific and its products and services;

4.      Georgia-Pacific recover its actual damages caused by Defendants' conduct, and that such award be trebled;

5.      Defendants be compelled to account to Georgia-Pacific for any and all profits derived by Defendants under 15 U.S.C. § 1117, O.C.G.A. § 51-1-6, and the common law, and that based on Defendants' knowing and intentional use of confusingly similar imitations of Georgia-Pacific's SIGNATURE® mark, the damages award be trebled and the award of Defendants' profits be enhanced;

6.      Georgia-Pacific be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 in light of Defendants' fraudulent, intentional, and willful intent to mislead, deceive, or confuse the public, and the need to deter Defendants from similar conduct in the future;

7.      Defendants be required to pay to Georgia-Pacific the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and the state statutes cited in this Complaint;

8.      Georgia-Pacific be awarded prejudgment interest; and

9. Georgia-Pacific be awarded such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Date: December 10, 2013      Respectfully Submitted,

/s/ R. Charles Henn Jr.
William H. Brewster, Ga. Bar No. 080422
R. Charles Henn Jr., Ga. Bar No. 347098
Nichole D. Chollet, Ga. Bar No. 462324
Crystal C. Genteman, Ga. Bar No. 294382
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
404-815-6500 (ph.)
404-815-6555 (fax)
Email: BBrewster@kilpatricktownsend.com
CHenn@kilpatricktownsend.com
NChollet@kilpatricktownsend.com
CGenteman@kilpatricktownsend.com